# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1418 | **DATE** | 8/17/2001 |
| **CASE TITLE** | MAXCENE MAYS vs. ANTHONY PRINCIPI, SECRETARY OF VETERANS AFFAIRS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The motion for partial summary judgment [4-1] as to counts III, IV, and V is denied. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | AUG 21 2001 | |
| | Docketing to mail notices. | | docketing deputy initials |
| | Mail AO 450 form. | FILED FOR DOCKETING | |
| | Copy to judge/magistrate judge. | 01 AUG 20 PM 6:14 | 8/17/2001 date mailed notice |
| SB | courtroom deputy's initials | Date/time received in central Clerk's Office | CB mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAXCENE MAYS | ) |
| | ) |
| Plaintiff, | ) No. 01 C 1418 |
| | ) |
| v. | ) Suzanne B. Conlon, Judge |
| | ) |
| ANTHONY PRINCIPI, | ) |
| SECRETARY OF VETERANS AFFAIRS | ) |
| | ) |
| Defendants. | ) |

DOCKETED
AUG 21 2001

## MEMORANDUM OPINION AND ORDER

Maxcene Mays sues her employer Department of Veteran Affairs ("VA") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the Rehabilitation Act of 1973, 29 U.S.C. §701 *et seq.* for discrimination based on race in the terms and conditions of her employment (Count I), retaliation (Count II), and disability discrimination (Count III-V). VA moves for partial summary judgment on Counts III, IV and V asserting that Mays has not exhausted her administrative remedies.

## BACKGROUND

Mays, an African-American female, began working at VA's Chicago Health Care System, West Side Division ("West Side") as a registered nurse in 1992. In 1997, Mays suffered a workplace injury to her neck and shoulder. Defendant's 56.1 Statement of Facts ("Def. Facts") at ¶ 2. As a result of the injury, Mays was given a light duty assignment in the triage section of the Emergency Room. *Id.* On June 1, 1999, Mays filed a formal Equal Employment Opportunities ("EEO")

1

complaint ("the first EEO complaint") alleging racial discrimination and reprisal with VA's Office of Resolution Management ("ORM"). *Id.* at ¶ 4. The allegations were based on: (1) her transfer to a non-nursing position in triage because of an on-going investigation regarding allegations of patient abuse; (2) a counseling statement given to Mays by her supervisor regarding Mays' overuse of sick leave; and (3) VA's failure to disclose to Mays the results of the investigation of patient abuse. *Id.* In her first EEO complaint, Mays did not claim she suffered any discrimination or adverse employment action because of her alleged disability. Def. Facts ¶ 6.

On January 12, 2000, Mays requested that ORM amend the June 1, 1999 complaint to include a charge of disability discrimination. *Id.* at ¶ 7. ORM denied the request because "the allegations of disability discrimination and resulting investigations would be much different than those of racial discrimination and reprisal." *Id.* at ¶ 8. Mays then filed a second EEO complaint with VA's ORM on June 29, 2000 asserting disability discrimination claims. Plaintiff's Rule 56.1 Statement of Facts ("Pl. Facts") at ¶ 10; Pl. Ex. B.

Mays brought this action against VA alleging racial discrimination, retaliation, and disability discrimination on February 28, 2001. In her jurisdictional statement, Mays alleges that she "filed timely administrative charges of employment discrimination with the VA. The VA issued a final agency decision on November 30, 2000." Complaint ("Cmpt.") ¶ 5. The federal complaint raises three counts of disability discrimination: VA failed to engage in the interactive process to determine a reasonable accommodation (Count III); VA failed to accommodate her disability (Count IV); and (3) VA did not offer her a number of professional positions at West Side because of her disability (Count V).

# DISCUSSION

## I. Standard of Review

Summary judgment is proper when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *King v. National Human Res. Comm.*, 218 F.3d 719, 723 (7th Cir. 2000). Once a moving party has met its burden, the non-movant must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the nonmoving party. *Bay v. Cassens Transp., Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when the evidence is sufficient to support a reasonable jury verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000).

## II. Exhaustion of Remedies

VA contends that Mays has failed to timely exhaust her administrative remedies. Under the Rehabilitation Act, federal employees must notify an EEO counselor of discriminatory conduct within 45 days of its occurrence. 29 C.F.R. § 1614.105(a)(1). This requirement is interpreted as a statute of limitations and not as a jurisdictional prerequisite. *Johnson v. Runyon*, 47 F.3d 911, 917 (7th Cir. 1995). However, the regulation allows for exceptions. An extension of the time limit may be available if the plaintiff shows that despite due diligence she was prevented by circumstances beyond her control from contacting the counselor within 45 days. 29 C.F.R. §1614.105(a)(2). A court's determination whether a plaintiff has satisfied the exhaustion requirement "must be governed

3

by the principle that the Rehabilitation Act is a remedial legislation that must be construed liberally to effectuate its purpose." *Johnson*, 47 F.3d at 917.

At issue in this case is whether the court should consider the first EEO complaint or the second EEO complaint as the relevant administrative action. VA contends the relevant administrative action is the first EEO complaint. *See* Def. Ex. 2D at 2. The first EEO complaint raises allegations of racial discrimination and reprisal that occurred on April 16, 1999. *Id.* VA points to the federal complaint and claims Mays' alleged disability discrimination also occurred on that day. It is undisputed that the first EEO complaint does not contain any allegations of disability discrimination. Because of Mays' failure to include the disability discrimination allegations in the first EEO complaint, she is barred from asserting those claims according to VA.

In response, Mays has produced evidence of a second EEO complaint that was filed on June 29, 2000. Pl. Facts ¶ 10. This second EEO complaint contains allegations of disability discrimination. *Id.* In a notice of acceptance of her claim, the ORM credited the date of the filing of the second EEO complaint to the first inital contact by Mays with an EEO counselor about disability discrimination on December 16, 1999. Pl. Ex. D; 29 C.F.R §1614(a)(1). Since Mays' second EEO complaint stated that the date of the occurrence of disability discrimination was December 5, 1999, the ORM noted the second EEO complaint was filed within the 45-day time limit. *Id.* Mays claims this second EEO complaint demonstrates she has exhausted her administrative remedies.

VA urges the court to ignore the second EEO complaint. VA asserts the second EEO complaint raises issues of discrimination that are factually different from Mays' federal complaint. Additionally, VA contends Mays' second EEO complaint alleges incidents of discrimination that began on December 5, 1999, whereas the disability discrimination allegations in Mays' federal

4

complaint began earlier. *See* Def Ex. B. The court will address each of these arguments in turn.

First, a review of the second EEO complaint demonstrates that it contains allegations of disability that are the same as those alleged in this case. *See* Pl. Ex. B. The second EEO complaint states that VA "failed to accommodate the disability of Ms. Mays," and "failed to engage in the interactive process to find a reasonable accommodation." *Id.* These claims are similar to Counts III, IV, and V that alleged incidents of disability discrimination for West Side's failure to accomodate her disability by placing her in other professional positions, and West Side's failure to discuss reasonable accomodations with Mays.

Second, VA is incorrect in its assertion that the federal complaint raises claims that occurred only on April 16, 1999. The federal complaint refers to incidents that occurred well after that date, and the date of the filing of the first EEO complaint on June 1, 1999. It alleges that on September 15, 1999, VA offered her a nonprofessional position as a Program Support Clerk because of her disability. Cmpt. ¶ 19. The complaint also states from that time until November 16, 1999, Mays made a number of requests to discuss a reasonable accomodation but West Side rejected her attempts. *Id.* at ¶ 20. Notably, it was impossible for Mays to allege these incidents in the first EEO complaint on June 1, 1999 because they had not yet occurred.

Moreover, the second EEO complaint form required Mays to state the "Date of Occurrence (include the most recent date(s))" of the discrimination. Pl. Ex. B. In response, Mays entered "12/05/99." The record reflects that Mays was transferred to a clerical position on December 5, 1999. Affidavit of Jamie G. Sypulski ("Spypulski Aff.") at ¶ 4, Pl. Ex. 1. That incident forms part of Mays' allegations in her federal complaint that VA has failed to offer reasonable accomodations by offering Mays a nonprofessional clerical position. Cmpt. ¶ 19. Viewing this evidence in the light

5

most favorable to Mays, the date listed in the second EEO complaint refers to the most recent occurrence of disability discrimination and not the date when discrimination began.

Mays' federal complaint does gives rise to some confusion by stating in the jurisdictional statement that VA issued a final agency action decision on November 30, 2000. Cmpt. ¶ 5. Presumably, Mays is referring to the first EEO complaint. *See* Def. Ex. 2A. Mays has advanced evidence of a second EEO complaint that adequately sets forth allegations that are the subject of the present action. Furthermore, VA's present position is contrary to its past actions. VA has submitted the final agency action on the second EEO complaint by the VA's Office of Employment Discrimination Complaint Adjudication ("OEDCA"). *See* Def. Ex. 11. That action was dismissed because, pursuant to 29 C.F.R § 1614.107(a)(3), the OEDCA found that Mays' second EEO action was the subject of a civil action in this court. The VA's OEDCA stated the "cause of action contained in the complainant's civil action encompass all of the claims accepted for investigation in this complaint." *Id.* at 2. The VA's own agency finding provides further support for the conclusion that the second EEO complaint is the relevant administrative remedy. Finally, the court notes Mays has sought to address her claims at the administrative level. Allowing her claim to proceed is consistent with the remedial purpose of the Rehabilitation Act. *Horrell v. Henderson*, No. 98 C 7239, 2000 WL 1831584, at *4 (N.D. Ill. Dec. 13, 2000) (citing *Johnson*, 47 F.3d at 917).

Accordingly, the second EEO complaint is the relevant administrative action. Mays claims that she had not received a copy of her investigative file at the time she filed her federal complaint in this court. Pl. Facts ¶ 12. The record indicates the ORM did not issue its final agency decision until July 30, 2001. Pl. Ex. 11. Pursuant to 29 C.F.R. § 1614.407(b), Mays could bring this civil action because 180 days had passed since the time of the filing of the second EEO complaint without

6

the receipt of an investigative file or final decision.

## **CONCLUSION**

The motion for partial summary judgment on the disability discrimination claims is denied.

August 17, 2001

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge