Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1418 | **DATE** | 11/26/2001 |
| **CASE TITLE** | MAXCENE MAYS vs. ANTHONY PRINCIPI | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Defendant's motion for summary judgment [24-1] is granted. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 28 2001 | |
| | Notified counsel by telephone. | | date docketed | 38 |
| | Docketing to mail notices. | | *initials* | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | DOCKETING 01 NOV 27 PM 4:42 | 11/26/2001 date mailed notice | |
| SB courtroom deputy's initials | | Date/time received in central Clerk's Office | CB mailing deputy initials | |

| | | |
|---|---|---|
| MAXCENE MAYS | ) | |
| | ) | |
| Plaintiff, | ) | No. 01 C 1418 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| ANTHONY PRINCIPI, | ) | |
| SECRETARY OF VETERAN AFFAIRS | ) | |
| | ) | |
| Defendant. | | |

DOCKETED
NOV 2 8 2001

## MEMORANDUM OPINION AND ORDER

Maxcene Mays sues her employer Department of Veteran Affairs ("VA") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, for race discrimination (Count I), retaliation (Count II), and disability discrimination (Count III-V). VA moves for summary judgment.

### BACKGROUND

All facts are undisputed unless otherwise noted. Maxcene Mays, an African-American woman, worked as a registered nurse at the Westside VA Hospital ("Westside") from 1992 to 1999. Mays was employed as a staff nurse in the patient care department. On December 9, 1997, Mays injured her neck and shoulder when she helped four nurses lift an obese patient. For six weeks, Mays was unable to return to work. She received compensation during her leave under the Federal Workers Compensation Program. On January 26, 1998, Mays returned to Westside. Westside created a light-duty nursing position to accommodate her injury. Mays was informed that position was temporary.

On March 26, 1999, Dr. Julie Wehner, a physician from the Office of Workers Compensation Program, determined Mays' injuries were permanent. Mays continued to work in her temporary position at Westside. On April 16, 1999, a Westside patient issued a complaint against Mays. The patient alleged Mays was rude, and jammed a thermometer in his mouth. Shortly thereafter, Darlene Modelski, Westside's Associate Chief Nurse, reassigned Mays to a non-nursing position in the supply, processing and distribution ("SPD") department pending an investigation. On July 12, 1999, VA determined there was insufficient evidence of patient abuse. Mays was not informed of the investigation results.

On September 15, 1999, VA offered Mays a vacant permanent position as a program support clerk to accommodate her injury. Dr. Anthony Romano, Mays' physician, and Dr. Wehner determined Mays' limitations. Mays was restricted from carrying more than ten pounds, she could not work above shoulder level, and she was prohibited from lifting patients. Mays initially refused the clerical position because it was a non-nursing job. However, Westside did not have a permanent light-duty nursing position. On November 16, 1999, Mays accepted the program support clerk job.

## DISCUSSION

### I. Standard of Review

Summary judgment is proper when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *King v. National Human Res. Comm.*, 218 F.3d 719, 723 (7th Cir. 2000). Once a moving party has met its burden, the non-movant must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the

record as a whole and draws all reasonable inferences in the light most favorable to the nonmoving party. *Bay v. Cassens Transp., Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when the evidence is sufficient to support a reasonable jury verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). If the moving party meets this burden, the nonmovant must then respond by setting forth specific facts which demonstrate the existence of a genuine issue for trial. Fed. R. Civ. P. 56(e).

## II.     Title VII Disparate Treatment claim (Count I)

Mays claims she was reassigned to the SPD department because she is African-American. To establish a claim for race discrimination under Title VII, Mays must offer either direct evidence of discriminatory intent or show disparate treatment through the indirect method under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Plair v. E.J. Brach & Sons, Inc.*, 105 F.3d 343, 347 (7th Cir. 1997). Mays offers no direct proof of race discrimination, but proceeds under the *McDonnell Douglas* burden-shifting method.

Under the burden-shifting approach, Mays must establish she belongs to a protected class; she performed her job satisfactorily; she suffered an adverse job action; and VA treated similarly-situated non-African American nurses more favorably. *See Lenoir v. Roll Coater, Inc.*, 13 F.3d 1130, 1132 (7th Cir. 1994). Once she makes that showing, VA must articulate a legitimate, nondiscriminatory reason for its actions. *Lenoir*, 13 F.3d at 1133. The burden shifts to Mays to demonstrate VA's proffered reason was a pretext for discrimination. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *Plair*, 105 F.3d at 348. Mays must show a reasonable fact finder could infer VA did not honestly believe the reason for its actions. *See Anderson v. Baxter*

3

*Healthcare Corp.*, 13 F.3d 1120, 1124 (7th Cir. 1994). It is undisputed Mays, an African-American, is a member of a protected class, she performed her job satisfactorily, and her transfer to the SPD department was an adverse job action. VA asserts Mays cannot establish similarly situated non-African-American nurses were treated more favorably and VA's decision to transfer was pretextual.

Between August and September 1998, Mays contends Westside failed to reassign three non-African-American nurses after accusations of patient abuse. Pl. 56.1 Facts at ¶ 16. Mays asserts those three nurses are similarly-situated employees. "Different employment decisions, concerning different employees made by different supervisors, are seldom sufficiently comparable to establish a *prima facie* case of discrimination[.]" *Radue v. Kimberly-Clark*, 219 F.3d 612, 618 (7th Cir. 2000). Mays does not advance evidence Sonya Ruiz supervised the three non-African-American nurses. In addition, Mays does not demonstrate those nurses faced similar allegations of patient abuse. Nor does Mays establish the nurses possessed similar qualifications. *Id.* Without more, Mays cannot demonstrate she was similarly-situated to the three non-African-American nurses.

Moreover, Mays does not advance persuasive evidence of pretext. VA has asserted a legitimate, non-discrimination reason for the transfer. It is undisputed Mays was under investigation for patient abuse. Pl. 56.1 facts at ¶ 10. VA demonstrates Mays was transferred to the SPD department pending the outcome of a patient abuse investigation. *Id.* at ¶ 11. Mays can show pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Burdine*, 450 U.S. at 256. In response, Mays asserts Westside does not have a written policy on the transfer of nurses facing accusations of patient abuse. However, the lack of a written

4

policy does not suggest VA's proffered reason is false. *See Anderson,* 13 F.3d at 1124. Indeed, Westside transferred other hospital employees pending outcome of investigations between 1998 and 2000, including a white male nurse. Pl. 56.1 Facts, Ex. 3; Reply Br. at 5. Without more, Mays cannot establish VA's reason for her transfer is pretextual. Accordingly, Mays fails to raise a genuine issue for trial on her race discrimination claim. Summary judgment must be granted on Count I.

### III. Title VII retaliation (Count II)

Mays contends she suffered retaliation after she filed an EEOC charge against VA on June 1, 1999. Under the burden-shifting approach, Mays can establish a *prima facie* case of retaliation by demonstrating: (1) she engaged in statutorily protected expression; (2) she suffered an adverse job action; and (3) there is a casual link between the protected expression and the adverse action. *Johnson v. University of Wisconsin,* 70 F.3d 469, 479 (7th Cir. 1995).

An adverse action is defined broadly, but "not everything that makes an employee unhappy is an actionable adverse action." *Smart v. Ball State Univ.,* 89 F.3d 437, 441 (7th Cir. 1996). A material adverse change in the terms and conditions of employment must be more disruptive than a mere inconvenience or an alteration of job responsibilities. *Crady v. Liberty Nat'l Bank & Trust Co.,* 993 F.2d 132, 136 (7th Cir. 1993).

At the outset, the court notes Mays failed to respond to VA's motion for summary judgment on her retaliation claim. It is not the court's function "to scour the record in search of evidence to defeat a motion for summary judgment; we rely on the nonmoving party to identify with reasonable particularity the evidence upon which [s]he relies." *Bombard v. Fort Wayne Newspapers, Inc.,* 92 F.3d 560, 562 (7th Cir. 1996). Nevertheless, Mays retaliation claim fails on the merits. Mays asserts

5

a host of purported retaliatory actions: Ruiz scolded Mays occasionally; Mays was issued a letter of reprimand; Westside withheld the results of the patient abuse investigation; and Westside failed to engage in the interactive process to determine a reasonable accommodation. Compl. at ¶ 28. None of those acts rise to the level of an adverse job action. A letter of reprimand is not an adverse job action. *Krause v. City of LaCrosse*, 246 F.3d 995, 1000 (7th Cir. 2001). The remaining acts did not result in changes in the terms and conditions of Mays' employment. Instead, those acts are mere inconveniences and annoyances in her employment. *See Flaherty v. Gas Research Institute*, 31 F.3d 451, 456 (7th Cir. 1999) (no change in salary, benefits and responsibilities required a finding of no materially adverse job action).

In addition, Mays asserts Westside reassigned her to the SPD department in retaliation for her EEOC discrimination charge. Compl. at ¶ 28. But Mays advances no evidence of a casual link between her transfer and the filing of her EEOC complaint. Nor does Mays offer evidence that Westside's acts were a pretext for retaliation. VA's legitimate reason for the transfer — a pending patient abuse investigation – remains unrebutted. Mays fails to raise a genuine issue for trial. Accordingly, summary judgment must be granted on Count II.

### III. Disability Discrimination (Count III-V)

Mays contends VA failed to engage in the interactive process, and neglected to provide her with a reasonable accommodation. To establish a failure to accommodate claim under the Rehabilitation Act, Mays must show: (1) she was a disabled person as defined by the statute; (2) VA knew about her disability; and (3) she was a qualified individual who, with or without reasonable accommodation, could perform the essential functions of her job. *Winfrey v. City of Chicago*, 259 F.3d 610, 614 (7th Cir. 2001). The burden then shifts to VA to demonstrate it provided a reasonable

accommodation. *See Feliberty v. Kemper Corp.*, 98 F.3d 274, 280 (7th Cir. 1996).

In Count III, Mays contends VA violated the Rehabilitation Act by failing to engage in the interactive process. Compl. at ¶¶ 30-32. "[A] plaintiff cannot base a reasonable accommodation claim solely on the allegation that the employer failed to engage in an interactive process." *Rehling v. City of Chicago*, 207 F.3d 1009, 1016 (7th Cir. 2000). Instead, "a plaintiff must allege that the employer's failure to engage in an interactive process resulted in a failure to identify an appropriate accommodation for the qualified individual." *Id.; Hawkins v. West*, No. 98 C 2524, 2000 WL 1741889, at *3 (N.D. Ill. Nov. 20, 2000). As a matter of law, Count III does not assert a violation of the Rehabilitation Act. Accordingly, summary judgment must be granted on Count III.

In Count IV, Mays claims VA failed to provide her reasonable accommodation. A reasonable accommodation under the Rehabilitation Act may include reassignment to a vacant position. *Gile v. United Airlines, Inc.*, 95 F.3d 492, 496-98 (7th Cir. 1996). But an employer is not required to create a new position for the disabled employee. *Id.* The accommodation must not impose an "undue hardship" on the employer. 42 U.S.C. § 12112(b)(5)(A). "An employer is not obligated to provide an employee the accommodation [she] requests or prefers, the employer need only provide some reasonable accommodation." *Gile*, 95 F.3d at 499. The parties agree Mays could not perform the essential functions of a full-time floor nurse position with or without reasonable accommodation. Pl. 56.1 Facts at ¶ 51; *Gile*, 95 F.3d at 498 (reassignment appropriate when plaintiff cannot perform the essential functions of her current job). Mays concedes Westside does not have a permanent light-duty nursing position. *Gile*, 95 F.3d at 497 (creation of a new position is not a reasonable accommodation).

Instead, Mays asserts VA should have assigned her to vacant, non-patient care nursing

7

positions. Mays bears the burden of demonstrating a vacant position existed and she was qualified for that position. *Pond v. Michelin North America, Inc.*, 183 F.3d 592, 596-97 (7th Cir. 1999). Mays identifies two performance improvement nursing positions that were available in June and November 1999. Pl. 56.1 Facts, Ex. 11-12. Mays points to two vacant utilization review nurse positions in January 2000. *Id.* at Ex. 13. However, Mays does not demonstrate she is qualified to perform those positions with her disability. Mays was restricted to carrying less than ten pounds, working below shoulder level, and prohibited from lifting patients. Def 56.1 Facts at ¶ 14. Dr. Romano, Mays' physician, restricted her to sedentary work. Def. 56.1 Facts, Ex. F. Mays does not advance evidence of those positions' job requirements. Mays does not offer evidence she could perform those jobs with her training and skill. Nor does she offer evidence to establish she could perform those jobs with her disability. Mays unsupported assertions that she could perform the nursing positions cannot defeat summary judgment. Pl. Resp. Br. at 10-11; *See Haywood v. North American Van Lines, Inc.*, 121 F.3d 1066, 1071 (7th Cir. 1997) (conclusory allegations and self-serving statements do not suffice); *Ozlowski v. Henderson*, No. 99 C 756, 1999 WL 1212195, at *4 (N.D. Ill. Dec. 16, 1999) (plaintiff must offer evidence to show she was qualified for a vacant position).

VA demonstrates Mays was provided a reasonable accommodation. From January 1998 to April 1999, VA created a light-duty position to accommodate her injury. Mays was expressly informed that position was temporary. In September 1999, VA identified twenty-one vacant positions to accommodate Mays' disability. Pl. 56.1 Facts, Ex. 16. VA determined Mays' disability allowed her to work at Westside as a program support clerk. *Id.*; Def. 56.1 Facts at ¶ 14. While Mays may prefer a different position, VA "need only provide some reasonable accommodation." *Schmidt v. Methodist Hosp.*, 89 F.3d 342, 244-45 (7th Cir. 1996).

Moreover, the interactive process did not breakdown. An employer's accommodation is reasonable if the employer has made "a good faith effort to assess the employee's needs and to respond to them." *Feliberty*, 98 F.3d at 280. When Mays was offered the program support clerk position, she expressed concern over her compensation plan. Def. 56.1 Facts at ¶ 15. Westside informed Mays her salary would remain the same because she was entitled to compensation for loss wages. *Id.* at ¶ 17. Mays objected to the offer because she preferred a nursing position. *Id.* at ¶ 18. Westside responded her disability precluded her from performing nursing duties, and allowing her to work in patient care would endanger the health of Westside patients. *Id.* Mays later accepted the clerical position. The interactive process does not require VA to change its decision on Mays' appropriate accommodation. *McCreary v. Libbey-Owens-Ford Co.*, 132 F.3d 1159, 1165 (7th Cir. 1997) (employer need only provide reasonable accommodation, not necessarily what the employee requests). Mays fails to raise a genuine issue VA did not reasonably accommodate her disability. Accordingly, summary judgment must be granted on Count IV

Finally, in Count V, Mays claims VA rejected her applications for the four identified vacant nursing positions because of her disability. As noted above, Mays fails to establish she could perform the essential functions of those positions with her disability. Accordingly, summary judgment must be granted on Count V.

## CONCLUSION

The motion for summary judgment is granted.

November 26, 2001

ENTER:

Suzanne B. Conlon
United States District Judge

9