Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1418 | **DATE** | 1/02/2002 |
| **CASE TITLE** | Mays vs. Anthony Principi | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Report and Recommendation that Plaintiff's Motion for Rule 11 Sanctions [12-1] be DENIED is hereby submitted to Judge Suzanne B. Conlon. Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72(a). Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation. Lorentzen v. Anderson Pest Control, 64 F.3d 327, 330 (7th Cir. 1995).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 0 4 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 45 |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 1/2/2002 | |
| | | | date mailed notice | |
| tw | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MAXCENE MAYS,<br>      Plaintiff,<br><br>v.<br><br>ANTHONY PRINCIPI, Secretary of<br>Veterans Affairs,<br>      Defendant. | Cause No. 01 C 1418<br><br>Judge Suzanne B. Conlon<br>Magistrate Judge Geraldine Soat Brown |

**DOCKETED**
JAN 0 4 2002

To: The Honorable Suzanne B. Conlon
United States District Court Judge

## REPORT AND RECOMMENDATION

Geraldine Soat Brown, United States Magistrate Judge

Maxcene Mays sued her employer, Department of Veteran Affairs ("VA") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Rehabilitation Act of 1973, 29 U.S.C. § 701, alleging race discrimination (Count I), retaliation (Count II), and disability discrimination ((Count III-V) [Dkt # 1].) The District Court denied VA's initial motion for partial summary judgment as to the disability discrimination counts. *Mays v. Prinicipi*, No. 01 C 1418, 2001 WL 946447 (N.D. Ill. Aug. 21, 2001)(Conlon, J.) [Dkt # 11.] Subsequently, the District Court granted VA's motion for summary judgment as to all counts. *Mays v. Principi*, No. 01 C 1418, 2001 WL 1512552 (N.D. Ill. Nov. 28, 2001)(Conlon, J.) [Dkt # 38.] The only issue remaining is Mays' Motion for Rule 11 Sanctions ("Pl.'s Rule 11 Mot."), [Dkt # 12], which Mays filed in connection with VA's initial motion for partial summary judgment. The District Court referred Plaintiff's Rule

1

11 Motion to this Court for a report and recommendation. [Dkt # 14.] For the reasons set forth below, this Court respectfully recommends that Mays' motion for sanctions pursuant to Fed. R. Civ. P. 11 be DENIED.

**BACKGROUND**

The District Court discussed the fact allegations of Mays' discrimination claims in the District Court's rulings on VA's partial summary judgment motion and full summary judgment motion. Rather than repeat that background, this report and recommendation will focus on procedural issues surrounding both VA's partial summary judgment motion and Mays' Rule 11 motion for sanctions.[1]

Mays suffered neck and shoulder injuries in 1997 while working as a registered nurse at VA's

---

[1] The issue in VA's motion for partial summary judgment was whether Mays exhausted her administrative remedies regarding her disability discrimination claim. (VA did not contend any failure to exhaust administrative remedies regarding the race and retaliation claims.) Employees of federal agencies are protected against discriminatory employment practices by the same statutory provisions that apply to workers in the private sector. 29 C.F.R. § 1614.101. However, government employees are required to follow specific administrative complaint procedures before they can file a federal court action alleging employment discrimination. The administrative review requirements are set forth in 29 C.F.R. § 1614 and include, *inter alia*: § 1614.105(a)(1) – the employee must contact an employment discrimination counselor in the employing agency's personnel department within 45 days of the alleged occurrence of discrimination to report and seek to resolve the matter through counseling or other alternative dispute resolution; § 1614.105(d) – if the matter cannot be resolved through counseling, the counselor must issue a written notice of the employee's right to file a formal administrative complaint; § 1614.105(b)(1) – only issues raised in precomplaint counseling or "claims like or related to" the precomplaint counseling issues can be raised in a subsequent administrative complaint; § 1614.106(b) – the employee must file the administrative complaint within 15 days of receiving the counselor's written notice; § 1614.106(d) – any time prior to the conclusion of the agency's investigation the employee can seek leave to amend the administrative complaint to include issues "like or related to" those in the claim; § 1614.407(b) – if the agency has not taken final action on the administrative complaint within 180 days of filing, the employee can file a lawsuit as to the matter; § 1614.107(a)(3) – if the employee files a lawsuit after the 180-day period, the agency shall dismiss the administrative complaint that is the based on the conduct that is alleged in the lawsuit.

Chicago Health Care System, West Side Division. Her injuries limited her physical work capacity, and VA transferred Mays to a light-duty nurse's position. (Compl. ¶ 10.) In April 1999, VA transferred Mays to a non-nursing position as a supply clerk, after a patient reportedly complained that Mays physically abused the patient by jamming a thermometer into the patient's mouth. (Compl. ¶ 15.) In May 1999, Mays timely reported the transfer to a counselor and in June 1999 Mays timely filed an Equal Employment Opportunity complaint ("EEO # 1") with VA's Office of Resolution Management, alleging race discrimination and retaliation related to this second job transfer and other matters. All the claimed discriminatory actions allegedly occurred on or before April 16, 1999. (Def.'s Local Rule 56.1 Statement Supp. Mot. Partial Summ. Judm. ("Def.'s Facts") ¶ 4, and Ex. 2A.) [Dkt # 4.]

In September 1999, VA notified Mays that VA considered her physical work limitations to be permanent and proposed a non-nursing assignment as a program support clerk. (Compl. ¶ 19.) Mays tried unsuccessfully to argue for a return to a nursing position, and the job transfer to support clerk was made in November 1999. (Compl. ¶¶ 1, 20.)

EEO # 1 contained no disability discrimination claim. (Def.'s Facts ¶ 6, Ex. 2A.) After the November 1999 job transfer, however, in December 1999, Mays timely reported her disability claim to a counselor. In January 2000, Mays requested leave from the Office of Resolution Management to amend EEO # 1 to include the disability discrimination charge. The Office of Resolution Management denied the request on the ground that the disability allegations were much different than the race and retaliation allegations. (Def.'s Facts ¶¶ 7-8; Aff. of Jamie G. Sypulski dated July 19, 2001 ¶ 4, attached to Pl.'s Rule 11 Mot.) Accordingly, in June 2000, Mays timely filed a separate claim ("EEO # 2") with the Office of Resolution Management for disability discrimination.

3

(Pl.'s Rule 11 Mot., Ex. B.)

On November 30, 2000, VA issued a final agency decision denying Mays' race and retaliation claims in EEO # 1. (Def.'s Facts Ex. 2A.) That final agency decision with respect to EEO # 1 made no reference to Mays' disability claims in EEO # 2. Mays then filed her complaint in the present action on February 28, 2001. The complaint alleged as a jurisdictional basis that Mays filed "timely administrative charges of employment discrimination," for which VA issued the November 30, 2000 final agency decision. (Compl. ¶ 5.)

Assistant United States Attorney Ann L. Wallace was assigned as government counsel for this case. Wallace investigated VA's administrative record in the matter. (Tr. of Nov. 1, 2001 hearing on Pl.'s Rule 11 Motion at 11-12.) She noted that the EEO # 1 final agency decision on which Mays premised her jurisdictional allegation made no reference to Mays' disability claim and dealt only with the race and retaliation complaints. (*Id.* at 12.) She also found the records documenting Mays' unsuccessful attempt to expand EEO # 1 to include a disability claim, and Mays' subsequent filing of EEO # 2. (*Id.*)

Wallace telephoned Mays' counsel, Jamie Sypulski, and advised him that the November 30, 2000 final agency decision dealt only with EEO # 1 and contained no basis for the federal court complaint's allegations relating to disability discrimination. (*Id.* at 13; Def.'s Resp. to Pl.'s Mot. for Rule 11 Sanctions ("Def.'s Resp. Rule 11 Mot.") at 9, n.1 [Dkt # 21].) At the hearing on the Rule 11 Motion, Wallace told the Court that Sypulski responded in this telephone conversation by acknowledging the point and stating that the disability complaint was "ongoing [*i.e.,* still under administrative review] . . . and that when he received a final agency decision on that complaint he would amend the federal complaint" to include allegations supporting a right to assert the disability

4

claim as part of the federal court action. (Tr. of Nov. 1, 2001 at 13.)

Wallace stated that she advised Sypulski, "I will be forced to file a partial motion for summary judgment to clear up these disability allegations" if Sypulski did not plan to amend the complaint soon. (*Id.*)[2] On May 4, 2001–apparently sometime after this conversation occurred–Sypulski served Plaintiff's Rule 26(a)(1) disclosure statement. The statement listed EEO # 2 as one of the administrative proceedings Mays intended to contest at trial. (Pl.'s Rule 11 Mot., Ex. F at 3.) That disclosure is identified in Plaintiff's Rule 11 Motion as the reason why "[d]efendant was aware that Plaintiff's disability complaint was the subject of a separate administrative filing." (Pl.'s Rule 11 Mot. at ¶ 5.)

On June 29, 2001, Wallace filed VA's motion for partial summary judgment, contending that Mays had failed to exhaust her administrative remedy as to her disability discrimination claims and those claims were now time barred, depriving the federal court of jurisdiction. [Dkt # 4.]

In response to the motion for partial summary judgment, Sypulski telephoned Wallace and subsequently wrote a letter to Wallace recounting the history of Mays' EEO # 2 claim. (Tr. of Nov. 1, 2001 at 19; Aff. of Jamie G. Sypulski dated October 15, 2001 at ¶¶ 2 - 4 and Ex. A to that Aff., attached to Pl.'s Reply in Supp. of Pl.'s Mot. for Rule 11 Sanctions [Dkt # 27].) Sypulski recounted the refusal of VA to consolidate the disability claim with EEO # 1 and the resulting decision to file EEO # 2 as a separate claim. Sypulski noted that Mays filed the federal court complaint more than 180 days after filing EEO # 2 (implying that this satisfied Mays' requirement to exhaust her administrative remedies as to EEO # 2). Sypulski contended that the Rule 26(a)(1) disclosure

---

[2] The District Court entered an order on April 4, 2001 setting a "firm date" for the case to be put on the September 2001 trial calendar. [Dkt # 2.]

5

statement constituted notice to VA that Mays was including EEO # 2 as relevant to the issues for trial. Sypulski requested on this basis that VA withdraw its partial summary judgment motion. Sypulski states that he faxed this letter to Wallace initially on July 8, 2001 and again on July 18, 2001. (Sypulski Aff. dated Oct. 15, 2001 at ¶ 4.)

On July 20, 2001 Sypulski served the present motion for sanctions on Wallace, but pursuant to Rule 11(c)(1)(A) did not immediately file the motion and instead waited the required 21 days to give VA an opportunity to withdraw its partial summary judgment motion. VA did not withdraw its partial summary judgment motion, and Sypulski then filed the Plaintiff's Motion for Rule 11 Sanctions on August 13, 2001.

Meanwhile, after receiving Sypulski's explanations, Wallace investigated the matter further, contacting the Office of Resolution Management about the status of EEO # 2. (Tr. Nov. 1, 2001 at 16.) On August 2, 2001 she received a response consisting of a final agency decision dated July 30, 2001, indicating that the Office of Employment Discrimination Complaint Adjudication ("OEDCA"), had dismissed EEO # 2 pursuant to 29 C.F.R. § 1614.107(a)(3), because VA believed EEO # 2 was now part of Mays' federal lawsuit. Wallace advised the District Court of this fact in her reply brief on the partial summary judgment motion, filed August 3, 2001, but Wallace disputed the OEDCA's conclusion and argued that partial summary judgment was still justified. (Tr. of Nov. 1, 2001 at 16-17; Def.'s Reply to Pl.'s Resp. to Def.'s Statement of Material Facts at 5, and Ex. 11.)

The District Court denied the partial summary judgment motion on August 21, 2001. *Mays v. Principi*, 2001 WL 946447, at * 4. The District Court noted that "Mays' federal complaint does gives [*sic*] rise to some confusion by stating in the jurisdictional statement that VA issued a final agency action decision on Nov. 30, 2000." *Id.* at * 3. However, the District Court cited the

6

OEDCA's July 30, 2001 final agency decision finding that the "cause of action contained in the complainant's civil action encompass [*sic*] all of the claims accepted for investigation in this [*i.e.*, EEO # 2] complaint" as support for denying the VA's motion for partial summary judgement. *Id.*

## DISCUSSION

The foregoing explication of facts is necessary to evaluate what amounts to a serious charge of improper conduct against both VA and its counsel, Wallace. As the Seventh Circuit has noted, "A lawyer's reputation for integrity, thoroughness and competence is his or her bread and butter. We may not impugn the reputation without carefully analyzing the legal and factual sufficiency of the arguments." *Harlyn Sales Corp Profit Sharing Plan v. Kemper Financial Services, Inc.*, 9 F.3d 1263, 1269 (7th Cir. 1993). The court must make "some assessment of the [lawyer's] credibility," which normally is considered a factual matter. *LaSalle Nat'l Bk of Chicago v. County of DuPage*, 10 F.3d 1333, 1337 (7th Cir. 1993).

Rule 11 provides that, by presenting a pleading, written motion, or other paper to the court, an attorney is certifying that, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the pleading is not being presented for "any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation," that the legal contentions of the pleading "are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," and that the factual contentions "have evidentiary support." Fed. R. Civ. P. 11(b)(1)(2)(3) (2001).

That Rule contains both a subjective and an objective component. *Mars Steel Corp. v.*

7

*Continental Bank N.A.*, 880 F.2d 928, 931 (7th Cir. 1989). The subjective component is that "[a] paper 'interposed for any improper purpose' is sanctionable whether or not it is supported by the facts and the law, and no matter how careful the pre-filing investigation. The objective component is that a paper filed in the best of faith, by a lawyer convinced of the justice of his client's cause, is sanctionable if counsel neglected to make 'reasonable inquiry' beforehand." *Id.* at 931-32, quoting Rule 11. The focus of inquiry is "on inputs rather than outputs, conduct rather than result." *Id.* at 932. The focus "is ex ante (what should have been done before filing) rather than ex post (how things turned out)." *Id.*

Applying these components to the present case demonstrates that there is no basis for Mays' motion for sanctions. First, there is nothing to suggest that Wallace had an improper purpose for filing the motion for partial summary judgment. Wallace's purpose in filing the motion was to narrow the issues for trial to those discrimination claims as to which Mays had exhausted her administrative remedies and were properly included in the lawsuit.

Federal Rule of Civil Procedure 56(b) provides that a party against whom a claim, counterclaim, or cross-claim is sought may move for summary judgment in its favor upon all or any part thereof. "Partial" summary judgment is available "when the judgment is to the whole of any one of the several claims joined in the action." *Triangle Ink & Color Co., Inc. v. Sherwin-Williams Co.*, 64 F.R.D. 536, 537 (N.D. Ill. 1974)(Bauer, J.). Mays' claim of disability discrimination is a separate claim from her race and retaliation claims. *See, e.g., Stearns v. Consolidated Mgt., Inc.*, 747 F.2d 1105, 1109 (7th Cir. 1984)(age and sex discrimination constitute separate claims as defined by Fed. R. Civ. P. 54(b)). VA could properly seek summary judgment as to the disability discrimination claim.

8

Second, the Court finds that Wallace demonstrated credibly that she made a reasonable inquiry into the facts and law prior to filing the partial summary judgment motion. What constitutes "reasonable" inquiry may vary depending on how central is the issue, how substantial the stakes of the case, and "related matters that influence whether further investigation is worth the costs." *Mars Steel Corp. v. Continental Bank N.A.,* 880 F.2d at 932-33. When Wallace first was assigned to handle the complaint for VA, she began her investigation by obtaining a copy of the administrative record. That investigation showed her that the November 30, 1999 final agency decision on which Mays premised her right to commence a court action related only to Mays' charges of race discrimination and retaliation, but not to her complaint allegations of disability discrimination.

Wallace then telephoned Mays' counsel, Sypulski, who conceded that the disability claim was a separate administrative proceeding for which there was then no final agency decision. Sypulski said he would amend the complaint when the final agency decision was issued. Rather than amend the complaint either to eliminate the disability claim or to clarify the basis to for claiming that Mays had exhausted her administrative remedies, Sypulski served the Rule 26(a)(1) disclosure statement, identifying EEO # 2 as an issue Mays expected to bring at trial. The appropriate way to cure deficiencies in a complaint is to amend the complaint, not to "insert[] the missing allegations in a document that is not either a complaint or an amendment to a complaint." *Jackson v. City of Chicago,* No. 96 C 3636, 1996 WL 734701, at * 3 (N.D. Ill. Dec. 18, 1996)(Castillo, J.), quoting *Harrell v. United States,* 13 F.3d 232, 236 (7th Cir. 1993).

In fact, at the time that Sypulski served the Rule 26(a)(1) disclosure on May 4, 2001, EEO # 2 was still being actively investigated by the Office of Resolution Management. When Wallace filed the VA's partial summary judgment motion, and when Sypulski served Plaintiff's Motion for

9

Rule 11 Sanctions on Wallace, (July 20, 2001), EEO # 2 was still pending. No final agency determination had been issued nor had Mays or her attorney advised the Office of Resolution Management that EEO # 2 should be dismissed because of the filing of the federal court action in March 2001.[3] Although the federal court complaint was filed more than 180 days after EEO # 2 was filed, that complaint did not expressly waive Mays' right to a final agency determination of EEO # 2.

Apparently prompted by Wallace's investigation, the OEDCA issued the final agency decision on July 30, 2001, terminating EEO # 2 because the disability claim now was part of the federal court lawsuit. In her reply brief on the motion for partial summary judgment, Wallace properly and promptly notified the District Court of this development which had occurred only a few days earlier. Wallace also pointed out in her reply brief that when Mays filed her federal court complaint she continued simultaneously to proceed before the agency, and argued that the agency's subsequent determination did not retroactively cure the deficiencies in Mays' complaint. The District Court did not accept Wallace's argument, but neither did the District Court characterize the argument as frivolous.

A frivolous argument is one in which the attorney "fails to make a reasonable inquiry into facts (which later prove false) or takes a position unwarranted by existing law or a good faith argument for its modification." *Magnus Electronics, Inc. v. Masco Corp. of Indiana*, 871 F.2d 626, 629 (7th Cir. 1989). That is not the case here. This Court finds no basis for sanctioning VA or its counsel, Wallace. In fact, it was Mays' counsel's inartful pleading of the complaint and failure to

---

[3] On June 27, 2001, the Office of Resolution Management submitted its investigation of EEO # 2 to the VA's Office of Employment Discrimination Complaint Adjudication. (Def.'s Reply to Pl.'s Resp. to Def.'s Statement of Material Facts, Exs. 7, 8, 9; Def.'s Resp. Rule 11 Mot. at 7.) [Dkt ## 10, 21.]

10

amend that complaint, combined with Mays' action in simultaneously proceeding in both the agency and the court, that prompted Wallace to file the motion for partial summary judgment. Wallace's decision to pursue to a judicial determination the legal consequences of Mays' actions, rather than withdrawing VA's motion for partial summary judgment, was not improper or frivolous.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Plaintiff's Motion for Rule 11 Sanctions be denied.

Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72(a). Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

**ENTER:**

*[signature]*

**Geraldine Soat Brown**
**United States Magistrate Judge**

**Dated: January 2, 2002**